# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| LEON VINCENT TAYLOR, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 04-8002-CV-W-FJG |
| DONALD ROPER, | ) ) ) |
| Respondent. | ) ) |

## **ORDER**

Pending before the Court is Petitioner's Supplemental Petition for Writ of Habeas Corpus (Doc. No. 84).

Petitioner argues that on June 17, 2003, the Missouri Supreme Court issued a decision finding <u>Ring v. Arizona</u>, 536 U.S. 584, 609 (2002), to be retroactive to cases pending on collateral review where a judge made the factual determinations imposing a sentence of death. <u>State v. Whitfield</u>, 107 S.W.3d 253, 265-69 (Mo. banc 2003). Petitioner indicates that he filed a motion to recall the mandate in the Missouri Supreme Court raising a claim under <u>Ring</u> on September 7, 2010, after his federal habeas proceedings had concluded. <u>See</u> Doc. No. 84, Ex. 1. On May 27, 2014, the Missouri Supreme Court overruled the motion to recall the mandate. See Doc. No. 84, Ex. 2. Petitioner argues that with the Missouri Supreme Court's denial of the motion to recall the mandate, the question of whether petitioner's due process rights were violated when Missouri failed to retroactively apply <u>Ring</u> is now ripe for habeas review.

**I.   Background and Procedural History**

The Missouri Supreme Court described the facts in Taylor's case as follows:

> On April 14, 1994, Taylor, his half-brother Willie Owens, and his half-sister Tina Owens were driving in Tina's car, discussing various robbery possibilities. Taylor

> suggested a gas station in Independence where only one person would be working. The trio went to the station and purchased some gasoline. Taylor asked whether they were going to rob it. Tina Owens said no because a little girl was inside. Sarah Yates, an eight-year-old, was keeping company with Robert Newton, her step-father and the gas station manager.
>
> The three left the station, only to return a few moments later after the oil light came on. Willie Owens went into the station and asked for some oil. Taylor next entered the store and stated they needed a different weight of oil. Taylor then drew a pistol and stated that he would shoot Newton unless he gave them money. Newton complied, handing Owens approximately $400 in a bank money bag. Owens took the money and returned to the car.
>
> Taylor directed Newton and the child to the station's back room. Taylor shot Newton once in the head, killing him. Taylor then pointed the gun at the child. Taylor pulled the trigger, but the gun jammed and did not discharge. Frustrated, Taylor locked the child in the back room and returned to the car. Taylor told Willie and Tina Owens that he had shot the man and that he had to go back inside to get the little girl. However, because the Owenses wanted to leave, they then drove away.

State v. Taylor, 944 S.W.2d 925, 930 (Mo. banc 1997).

This Court previously summarized the procedural history of this case as follows:

> Petitioner was convicted upon his plea of not guilty of first-degree murder, first degree robbery, first degree assault, and three counts of armed criminal action in Jackson County, Missouri, Case No. 94-1105. The jury in that trial deadlocked on the issue of punishment for the offense of first degree murder. The trial judge then set his punishment at death for first degree murder, finding three aggravating circumstances to be sustained beyond a reasonable doubt. As to the other offenses, the trial judge sentenced petitioner to life imprisonment for robbery, fifteen years for assault, and one hundred years for each count of armed criminal action, and

ordered the sentences be served consecutively to each other and consecutively to the death sentence, for a total sentence of death plus life plus 315 years.

Petitioner appealed his convictions and sentences to the Missouri Supreme Court. Additionally, while the appeal was pending, petitioner filed a motion for post-conviction relief pursuant to Mo. Sup. Ct. R. 29.15. The trial court held an evidentiary hearing, and denied petitioner's 29.15 motion on March 18, 1996. Petitioner appealed the denial of relief, and the case was consolidated with the direct appeal of the conviction and sentence.

On April 29, 1997, the Missouri Supreme Court affirmed petitioner's convictions, all of his sentences except the death sentence, and the denial of postconviction relief. State v. Taylor, 944 S.W.2d 925 (Mo. 1997). The Missouri Supreme Court held, however, that improper final argument by the prosecutor required a new penalty phase. Id. at 938.

On remand, a new penalty phase was conducted. The second jury recommended a sentence of death, and the trial court sentenced Mr. Taylor to death on April 22, 1999. Mr. Taylor appealed from the sentence to the Missouri Supreme Court, which affirmed petitioner's death sentence on April 4, 2000. State v. Taylor, 18 S.W.3d 366 (Mo. 2000). Petitioner filed a petition for writ of certiorari to the United States Supreme Court, which was denied on October 2, 2000. Taylor v. Missouri, 531 U.S. 901 (2000).

While the petition for writ of certiorari was pending, petitioner filed another Rule 29.15 motion, which was denied after an evidentiary hearing. Petitioner then appealed the denial of the 29.15 motion, and the Missouri Supreme Court affirmed the trial court on January 27, 2004. Taylor v. State, 126 S.W.3d 755 (Mo. 2004).

(Doc. No. 54, pp. 2-3).

Petitioner filed a petition for writ of habeas corpus on March 5, 2005. Doc.

3

No. 24. On January 8, 2007, this Court denied the petition. Doc. No. 54. This Court denied petitioner a certificate of appealability. See Order, Doc. No. 73. The Eighth Circuit granted a certificate of appealability as to petitioner's Batson, claim, and then affirmed this Court's judgment. See Taylor v. Roper, 577 F.3d 848 (8th Cir. 2009). The Supreme Court denied discretionary review. Taylor v. Roper, 130 S.Ct. 3464 (2010). On September 7, 2010, petitioner filed a motion to recall the mandate. See Doc. No. 84, Ex. 1. On May 27, 2014, the Missouri Supreme Court overruled the motion to recall the mandate. See Doc. No. 84, Ex. 2. Petitioner filed his Supplemental Petition with this Court on June 26, 2014. Doc. No. 84.

## II. Second or Successive Application

28 U.S.C. § 2244(b) provides that a district court shall dismiss a claim presented in a second or successive habeas corpus action under section 2254 that was either (1) presented in a prior application; or (2) not presented in a prior application unless (a) the claim relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, or (b) the factual predicate for the claim could not have been discovery previously through the exercise of due diligence, and the facts underlying the claim would be sufficient to establish that no reasonable factfinder would have found the applicant guilty of the underlying offense. Additionally, before a second or successive application is filed in the district court, the applicant is required to file a motion before the Eighth Circuit for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A).

Petitioner argues that this is not a "second or successive" application under Section 2244(b), and can be filed directly with this Court instead of first seeking the approval of the Eighth Circuit. Petitioner argues that he is not challenging his conviction and sentence with this petition; instead, he is challenging the Missouri Supreme Court's recent decision denying petitioner's motion to recall the mandate.

The respondent argues that in the motion to recall the mandate, Taylor contended that his sixth amendment rights were violated because he did not receive jury sentencing, citing Ring v. Arizona, 536 U.S. 584 (2002) and State v. Whitfield, 107 S.W.3d 253 (Mo. banc 2003). Doc. No. 84, Ex. 1, p. 3. As noted by defendant, this claim is very similar to Penalty Phase Claim Nine in the original petition (Doc. No. 24, p. 59), wherein petitioner claimed that the Missouri Supreme Court erroneously denied an August 26, 2003 motion to recall the mandate in which he raised a claim under Ring and Whitfield. In the original petition, however, petitioner asserted that his equal protection rights were violated by the state court (Doc. No. 24, pp. 59-60), whereas in the present petition he contends that his due process rights were violated by the state court (Doc. No. 84, p. 6). Respondent argues that the Court should find either (1) that petitioner's claim is successive under Rule 28 U.S.C. § 2244(b)(1) as the underlying legal theory has already been resolved against petitioner by this Court, or (2) that if the theory is actually new, the claim should be rejected under 28 U.S.C. § 2244(b)(2) as an issue that petitioner should have litigated in the original litigation.

Petitioner replies that the Supreme Court found in Magwood v. Patterson, 561 U.S. 320 (2010), that where a claim arises out of events that occurred after the filing of the petition, a pleading raising that claim is not second or successive under 28 U.S.C. § 2244. The Court, however, believes that plaintiff is reading the holding of Magwood too broadly. In Magwood, the petitioner had filed a second Section 2254 petition challenging a second judgment imposing the death penalty after a prior habeas application in which the District Court had vacated Magwood's death sentence and conditionally granted a writ of habeas corpus. See 561 U.S. at 326. The Supreme Court found that 28 U.S.C. § 2244(b) only applied to second or successive applications challenging the same state-court judgment. 561 U.S. at 331-32. Here, the judgment challenged by petitioner is not a new judgment imposing the death penalty that occurred after this Court's ruling on the original Section

2254 petition; instead, the judgment challenged by petitioner is the same death sentence this Court considered in its 2007 Order. Although petitioner attempts to frame the issue as a challenge to the Missouri Supreme Court's May 27, 2014 order denying the motion to recall the mandate, that order is not a new judgment. Given that the due process challenge raised by petitioner in the motion to recall the mandate and the present supplemental petition could have been raised in petitioner's original Section 2254 petition, the Court finds that petitioner should have sought permission from the Eighth Circuit prior to filing such a supplemental petition. Consequently, the Court **DISMISSES** this action pursuant to 28 U.S.C. § 2244(b).

### III.  Review of the Merits of Petitioner's Claim

In the alternative, even if the Court found that this petition was not second or successive and reached the merits of petitioner's claim, the petition for writ of habeas corpus would be denied.

Petitioner argues that under current Missouri law, a capital defendant has a right to have a jury determine the facts which make him eligible for a sentence of death, and where a jury has failed to find the facts necessary for a death sentence, that should operate as an acquittal of the death penalty. See State v. Whitefield, 107 S.W.3d 253 (Mo. banc 2003); State ex rel. Baker v. Kendrick, 136 S.W.3d 491, 494 (Mo. banc 2004). Petitioner notes that the state courts have denied petitioner's motion to recall the mandate, and argues that retroactive application of Ring is not only a right based on state law, but is also a liberty interest protected by the Due Process Clause of the Fourteenth Amendment. See Hicks v. Oklahoma, 447 U.S. 343, 346 (1980). Petitioner argues that even though the state of Missouri was not required to apply Ring retroactively under the United States Constitution, once it did so the state court is not free to arbitrarily pick and choose identically situated persons to whom its rules apply.

As noted by respondent, however, petitioner's contention that he received

6

disparate treatment is a false premise. The Court previously found as follows as to penalty phase claim nine in the original petition:

> Moreover, even if this Court were to consider this claim on the merits, petitioner is not entitled to relief. Petitioner is not in the same situation as the prisoners in State v. Whitfield, 107 S.W.3d 252 (Mo. banc 2003); State v. Thompson, 134 S.W.3d 32 (Mo. banc 2004); State ex rel. Mayes v. Wiggins, 150 S.W.3d 290 (Mo. banc 2004); State v. Buchanan, 115 S.W.3d 841 (Mo. 2003); and State ex rel. Baker v. Kendrick, 136 S.W.3d 491 (Mo. banc 2004). In those cases, judges had made the findings of fact necessary to impose the death penalty. Missouri has determined that, in such cases, petitioners were entitled to have their death sentence commuted to life imprisonment without parole. See id., applying Ring v. Arizona, 536 U.S. 584 (2002). Petitioner's case, however, is in a significantly different posture. Although at the first penalty phase petitioner was sentenced to death after a judge found the facts necessary to support the sentence, the findings at petitioner's first penalty phase were reversed, and the case was remanded for a new penalty phase. The outcome of the second penalty phase in 1999 was a determination by the jury that the facts necessary to support the death sentence were present. This determination was made by the jury long before the decisions in Ring and Whitfield. Therefore, at the time of those decisions, petitioner (unlike the prisoners in the other cited cases) had been sentenced to death based on the findings of a jury, in compliance with the standards set forth in Ring and Whitfield. Petitioner received the process he was due, and he has demonstrated no equal protection violation. Petitioner's point is denied.

Doc. No. 54, pp. 31-32. Respondent argues that the above rationale applies with equal force to petitioner's supplemental petition. The Court agrees, and finds that petition has not demonstrated a due process violation, given that he had been sentenced to death based on the factual determinations made by a jury prior to the decisions in Ring and

7

Whitfield. Petitioner's Supplemental Petition (Doc. No. 84) is **DENIED.**

No certificate of appealability will be issued. In order for a certificate of appealability to be issued, "the petitioner 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" Randolf v. Kemna, 276 F.3d 401, 403 n.1 (8th Cir. 2002) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.1 (1983))(alteration in original). Although this may be referred to as a "modest standard," id. (citing Charles v. Hickman, 228 F.3d 981, 982 n.1 (9th Cir. 2000)), petitioner has failed to meet this burden.

Therefore, for all the foregoing reasons, petitioner's Supplemental Petition (Doc. No. 84) is **DENIED.**

**IT IS SO ORDERED.**

Date: September 12, 2014  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri  Fernando J. Gaitan, Jr.
United States District Judge